CARL WILSON and Others v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA.

(Filed 20 June, 1934.)

Insurance H a — Provision that insurer should give five days notice before canceling policy held for benefit of insured and binding on insurer.

Defendant insurer sent written notice of the cancellation of a policy of fire insurance containing the standard mortgagee clause to the mortgagee protected thereby, the insurer having the right to cancel the policy at its

option according to the terms of the policy by giving insured five days written notice of cancellation. All the evidence showed that insurer desired to cancel the policy and proceeded to do so under its terms without the consent of plaintiff mortgagee, and there was evidence that loss covered by the policy occurred within five days from the date plaintiff received defendant's written notice of cancellation, and that plaintiff, in compliance with insurer's request in the notice of cancellation, mailed the policy to insurer during the five-day period, but before he had knowledge of the occurrence of the fire. *Held*, the provision for five days notice before cancellation was for the protection of plaintiff, and insurer could not effect cancellation until the expiration of five days from the receipt of the written notice by plaintiff, and whether plaintiff intended to waive this provision and did waive it by returning the policy as requested was for the determination of the jury, and insurer's motion as of nonsuit was properly denied.

APPEAL by defendant from *Shaw, Emergency Judge,* at January Term, 1934, of SURRY. No error.

This is an action to recover the loss suffered by the plaintiff, Carl Wilson, resulting from the destruction by fire of a dwelling-house located ·on a farm in Surry County, North Carolina, and covered by a policy of fire insurance issued by the defendant.

The policy was issued to the plaintiff, Eugene Chilton, the owner of the farm on which the dwelling-house was located. It was agreed that any loss or damage covered by the policy should be payable to the plaintiff, Carl Wilson, mortgagee, as his interest might appear. The policy was issued on 26 March, 1929, and according to its terms expired five years after its date, to wit: 26 March, 1934. The dwelling-house covered by the policy was destroyed by a fire which occurred between 11:30 a.m., and 12 o'clock, noon, on 7 December, 1931. The amount due on the note secured by the mortgage from Eugene Chilton to Carl Wilson, at the date of the fire, was $1,000, with interest from 19 December, 1929.

On 2 December, 1931, the defendant sent to the plaintiff, Carl Wilson, by mail, from its home office in Pittsburgh, Pa., a notice as follows:

"CANCELLATION NOTICE TO OWNER.

Carl Wilson,　　　　　　　　　　Pittsburgh, Pa., 2 December, 1931.
Pilot Mountain, N. C.

Dear Sir: The National Union Fire Insurance Company, of Pittsburgh, Pa., notifies you. that it hereby cancels its policy No. 305, issued to you, covering on farm property situated at 5 M. from Westfield, said cancellation to take effect five days from receipt hereof, in accordance with its conditions, upon the expiration of which five days the said policy becomes null and void without further notice.

On demand we will refund $3.65 and unpaid note $24.00, being the full amount of unearned premium on said policy for the unexpired term thereof, and we hereby request that you return the policy to the company.                                        Yours truly,
                      National Union Fire Insurance Company."

This notice was received by the plaintiff, Carl Wilson, at Pilot Mountain, N. C., through the mail, on Saturday, 5 December, 1931. On Monday morning 7 December, 1931, the plaintiff showed the notice to F. W. Lawson, of Pilot Mountain, N. C., and requested the said Lawson, who had issued the policy, as the local agent of the defendant, to advise him what he should do. F. W. Lawson advised the plaintiff that he was no longer the agent of the defendant, but suggested that plaintiff call on Welch Bowman, a fire insurance agent at Pilot Mountain, N. C., and get Mr. Bowman to write another policy for plaintiff. The plaintiff accompanied by F. W. Lawson, called at the office of Welch Bowman, and upon ascertaining that the said Bowman would write him a policy to take the place of the policy issued by the defendant, requested him to do so. The plaintiff showed the notice which he had received from the defendant to Mr. Bowman, who thereupon placed the policy issued by the defendant in an envelope addressed to the defendant, at Pittsburgh, Pa., and handed the same to the plaintiff, who thereafter, about 11 o'clock a.m., on 7 December, 1931, deposited the envelope, containing the policy, in the post office at Pilot Mountain, N. C. A few days thereafter, the plaintiff received from Mr. Bowman, through the mail, a policy of insurance covering the dwelling-house. This policy, according to its terms, became effective at 12 o'clock, noon, on 7 December, 1931.

The dwelling-house covered by the policy of insurance issued by the defendant was destroyed by a fire which occurred between 11:30 a.m. and 12 o'clock, noon, on 7 December, 1931. The plaintiff first heard of the fire on 15 December, 1931, and then notified Mr. Bowman who advised him that the policy issued by him did not become effective until after the dwelling-house had been destroyed by fire. Plaintiff thereafter received a letter from the defendant. as follows:

"Carl Wilson,                                    16 December, 1931.
Pilot Mountain, N. C.

Dear Sir: Supplementing our registered letter cancellation notice, dated 2 December, we are attaching hereto our voucher No. 29457 for $3.65, which represents the unearned premium due to cancellation of this policy, along with your canceled note for $24.00.
                      Very truly yours,          Auditor."

Plaintiff offered evidence tending to show that the cash value of the dwelling-house covered by the policy, at the time of the fire was $1,200, and that the amount due to plaintiff as mortgagee, at the time of the trial, was $900.00.

The issues submitted to the jury were answered as follows:

"1. Was the dwelling-house described in the complaint destroyed by fire, as alleged in the complaint? Answer: Yes.

2. Was the policy of fire insurance referred to and described in the complaint in force and effect at the time of the fire as alleged in the complaint? Answer: Yes.

3. What was the actual cash value of the building destroyed by fire at the time of the fire? Answer: $1,200.

4. What amount, if any, was the plaintiff, Eugene Chilton, indebted to the plaintiff, Carl Wilson, on the note secured by deed of trust on the property described in the complaint, at the time of the fire? Answer: $1,000, with interest from 19 December, 1931.

5. What amount, if any, are the plaintiffs entitled to recover of the defendant? Answer: Carl Wilson entitled to recover $900.00, and Eugene Chilton nothing."

From judgment that the plaintiff, Carl Wilson, recover of the defendant the sum of $900.00, and the costs of the action, the defendant appealed to the Supreme Court.

*W. R. Badgett* for *plaintiffs.*
*Smith, Wharton & Hudgins* and *Folger & Folger* for *defendant.*

CONNOR, J. It is conceded that the defendant is liable under the policy sued on in this action for the loss suffered by the plaintiff, Carl Wilson, as the result of the destruction by fire of the dwelling-house covered by the policy unless, as contended by the defendant, the policy was canceled prior to the fire.

The policy sued on is in the form of the Standard Fire Insurance Policy of the State of North Carolina. C. S., 6437. It is provided therein that "this policy will be canceled at any time at the request of the insured, in which case the company shall upon demand and surrender of the policy refund the excess of paid premium above the customary short rate for the expired time. The policy may be canceled at any time by the company by giving to the insured five days written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess if not tendered shall be refunded on demand. Notice of cancellation must state that the excess premium (if not tendered) will be refunded on demand."

There was no evidence tending to show that the plaintiff requested the defendant to cancel the policy prior to the fire, as he had the right to do, under the provisions of the policy. All the evidence showed that the plaintiff wished the policy to remain in force until its expiration according to its terms. Immediately upon his receipt of the notice that defendant would cancel the policy at the expiration of five days, without his consent, as it had a right to do, under the policy, he applied for a new policy to take the place of the policy issued by the defendant for his protection.

All the evidence shows that the defendant desired to cancel the policy, and proceeded to do so in accordance with its provisions, without the consent of the plaintiff. The cancellation by the defendant did not and could not under the provisions of the policy take effect until the expiration of five days from the receipt of the written notice by the plaintiff. This provision of the policy was manifestly for the protection of the plaintiff. *Dawson v. Ins. Co.,* 192 N. C., 312, 135 S. E., 34. Whether or not the plaintiff intended to waive this provision and did waive it, when he returned the policy to the defendant, by mail, as he was requested to do, was a question for the jury. There was no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit.

We have examined defendant's assignments of error based upon exceptions to the admission of evidence tending to show the cash value of the dwelling-house at the date of the fire, and to instructions of the court to the jury. These assignments of error cannot be sustained. We find no error in the trial. The judgment is affirmed.

No error.