SCHELLHORN BROTHERS REAL ESTATE AGENCY, INCOR-
PORATED, RESPONDENT, v. NATIONAL LIBERTY IN-
SURANCE COMPANY OF AMERICA, APPELLANT.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

For the respondent, *George Rothstein.*

PER CURIAM.

The action in the District Court was for unearned premiums on alleged cancellation by the insured of fire policies issued to Albert and Alma Blum as owners, with a rider providing that any loss be payable to the Hudson County National Bank as mortgagee, as its interest might appear. There was a judgment for the plaintiff in the trial court and the defendant appeals.

The facts are few and simple. The policies were ordinary fire policies conforming to our state law. The Blums endeavored to obtain the policies from the bank to substitute policies of another company but failed. They then gave formal notice of cancellation to the company and the bank, offering to supply the insurance company with affidavits or other proof as to the whereabouts of the policies and their inability to surrender them. The insurance company refused to return the premium claiming that there was an outstanding interest of the bank with which it had a contract made with the consent of the assured and as part of the contract

of insurance, and for the added reason that the policies were not surrendered.

It is conceded by the respondent that the contract is not only between the insurance company and the owners but is also with the bank, but it contends that by the terms of the policies the assured has a right with or without the consent of the mortgagee to cancel and demand return of the premium; and that where, as in this case, it is unable to surrender the policies, the law overlooks such failure and permits recovery without such surrender. A number of cases are cited to sustain the latter proposition where there is no third interest involved, but we find it unnecessary to pass upon the question in view of our conclusions as to the rights of the parties under the terms of the policies respecting cancellation.

As to the main contention that the assured under the terms of his contract had an arbitrary power of cancellation, we think this is not sound. There are two provisions of the policies and one of the rider which seem to have pertinency. Those of the policies are as follows:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the *pro rata* premium.

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisons and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

That of the rider reads:

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy

shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease and this company shall have the right, on like notice, to cancel this agreement."

Without elaborately arguing the point it seems to us that these policies with the rider are in effect a tri-partite agreement in which the owners have their interest in the property protected against fire subject to the prior right of the mortgagee to be protected for its losses. It is, therefore, outstanding in a legal sense in the hands of both the owners and the mortgagees. The right of cancellation as given by the first quoted clause is subject to the condition that if there is a mortgagee clause, that brings the mortgagee in as a party in interest without whose consent the policy cannot be canceled. Such was the construction of a similar provision in a New York statute by the Appellant Division of the Supreme Court of that state in *Lewis* v. *London and Lancaster Fire Insurance Co., 78 Misc. (N. Y.)* 176. To all intents and purposes when the policy was issued in the name of Blums as owners, with loss payable to the bank as mortgagee, both were parties insured, and by clause 2 the conditions of the policies are made applicable. Among these is that respecting cancellation and this implies joinder of the mortgagee as a party insured. That this is the meaning is also indicated by the mortgagee clause where it treats the mortgagee on a different basis of notice from that of the owner.

The judgment is reversed.