19825

Harold TYNER, d/b/a Harold Tyner Real Estate, Plaintiff, v. CHEROKEE INSURANCE COMPANY, Respondent, and Old Charleston Insurance Company, Ltd., Appellant.

(205 S. E. (2d) 380)

*Thomas Dewey Wise, Esq.,* of *Way, Burkett & Wise,* Charleston, *for Appellant,*

*Augustine T. Smythe, Esq.,* of *Buist, Moore, Smythe & McGee,* Charleston, *for Respondent,*

*Charles S. Goldberg, Esq.*, of Charleston, *for Plaintiff.*
*Thomas Dewey Wise, Esq.*, of *Way, Burkett & Wise*,
of Charleston, *for Appellant, in Reply.*

May 20, 1974.

LEWIS, Justice:

Plaintiff was issued two policies of fire insurance on a building owned by him in Charleston, South Carolina—one issued by defendant Old Charleston Company, Ltd., (Old Charleston) for the period from June 3, 1970 to June 3, 1973, with coverage of $37,000.00 on the building and $10,000.00 on the contents; and the other, subsequently, by defendant Cherokee Insurance Company (Cherokee) for a period from June 3, 1972 to June 3, 1975, with coverage on the building of $60,000.00 and $10,000.00 on the contents. Each policy contained a valuable papers coverage of $500.00. The insured building and its contents were severely damaged by fire on August 28, 1972. This action was subsequently brought by the plaintiff-insured against both Old Charleston and Cherokee to recover the loss, stipulated to be $68,719.23.

The issue to be decided concerns the extent of the loss that must be paid by each of the defendant companies, that is, whether the entire loss should fall upon one or whether each should pay its proper pro rata share. The trial judge, to whom all issues of law and fact were submitted, held that both policies were in effect and the loss should be prorated between the companies in proportion to the coverage afforded by the respective policies. Only Old Charleston has appealed from that judgment.

At the time of the loss neither policy had been cancelled by virtue of any of the policy provisions; and the parties agree that the issue of liability turns upon whether the policy issued by Old Charleston had been effectively cancelled by substitution of the policy subsequently issued by Cherokee.

An insurance policy may be cancelled by mutual ▇ agreement of the parties without compliance with the methods of cancellation set forth in the policy. Generally, cancellation may not be affected by one of the parties without the agreement of the other. *Dill v. Lumbermen's Mutual Ins. Co.,* 213 S. C. 593, 50 S. E. (2d) 923; *Lundy v. Lititz Mutual Ins. Co.,* 232 S. C. 1, 100 S. E. (2d) 544. In *Dill,* the court held:

"Whether cancellation by mutual agreement has been effected depends on the intention of the parties as evidenced by their acts, conduct and words, taken in connection with the attendant circumstances. There must be a meeting of minds, or mutual assent, to constitute a valid cancellation, and each party must act with knowledge of the material facts."

The foregoing principles apply to the cancellation of an insurance policy by substitution. While there is some difference of opinion among the authorities, we think the sound rule is that cancellation of an insurance policy by substitution of another is based on mutual assent and may not be unilaterally effected unless the policy so provides. See 43 Am. Jur. (2d), Insurance, Section 431, and Annotation in 3 A. L. R. (3d) 1072.

Accordingly, the trial judge correctly held that the ▇ mere procuring of a policy of insurance with the intent that it should be substituted for an existing policy does not effect a cancellation of the existing policy, unless such substitution is accepted by both the insured and the insurer.

The correctness of the foregoing principles is conceded by Old Charleston in its brief. It is there stated: "Since there had been no formal cancellation by Old Charleston, the only way the policy could have been ineffective was by the mutual assent of both the insurer and the insured to a cancellation by substitution. That the doctrine of cancella-

tion by substitution is based on mutual assent is undisputed."

Old Charleston concedes that "but for the issuance of the Cherokee policy . . . its policy would have been in full force and effect on the date of loss."

A full review of the record would serve no useful purpose. The facts necessary to a decision fall within a very narrow range.

It is conceded that appellant, Old Charleston had no notice or knowledge of any intent to cancel its policy by substituting that of Cherokee. At the time of the loss, neither company knew of the other's policy and both considered that their respective policies were in effect. Under these admitted facts, the lower court properly held that there was no mutual assent to the cancellation of the policy of Old Charleston by substitution of the policy of Cherokee. Both policies were, therefore, in effect at the time of the loss and the judgment under appeal properly directed "that the loss should be prorated in proportion to the respective coverages afforded by the respective policies."

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.