## 21617

Billy WILBANKS and Sandra Wilbanks, Plaintiffs, v. PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellant, and South State Insurance Company, Defendant-Respondent.

(286 S. E. (2d) 127)

*Joseph M. Jenkins, Jr., of Horton, Drawdy, Hagins, Ward & Johnson,* Greenville, *for defendant-appellant.*

*James W. Hudgens of Ward, Howell, Barnes, Long, Hud-
gens & Adams,* Spartanburg, *for defendant-respondent.*

January 4, 1982.

HARWELL, Justice:

Prudential Property and Casualty Insurance Company ap-
peals from an order granting summary judgment to South
State Insurance Company. The only issue is whether an insur-
ance policy with respondent had been effectively cancelled
so that appellant is solely liable for a loss resulting from a
fire which damaged the insured's home. We agree with the
trial court that respondent's policy had been cancelled.

The Wilbanks initiated this suit on January 25, 1979, seeking
recovery from either or both insurers. All parties moved for
summary judgment; the trial court awarded summary judg-
ment for respondent and for the plaintiffs as against appel-
lant. This appeal followed.

The Wilbanks procured insurance on their home through
the Hix Agency, agents for respondent. The mortgagee, Greer
Federal Savings and Loan Association, paid the annual pre-
mium on September 29, 1977, from the Wilbanks' escrow ac-
count. The policy contained the following general provision:

Cancellation of policy. This policy shall be cancelled at
any time at the request of the insured, in which case this
company shall, upon demand and surrender of this policy,
refund the excess of paid premium above the customary short
rates for the expired time.

On September 8, 1978, the respondent sent the Wilbanks a
premium notice to renew their policy. However, on September
14, 1978, Mr. Wilbanks signed a written application for insur-
ance with appellant. On the same date Mr. Wilbanks signed a
"take over" form notifying the mortgagee that he was changing
insurance companies from respondent to appellant and that
he wished to cancel his policy with respondent on September
29, 1978.

Appellant's agent stated in his deposition that he under-
stood Mr. Wilbanks wished to cancel the respondent's policy

and replace it with the appellant's policy. In their statement, the Wilbanks conceded that they intended to replace the respondent's policy with appellant's policy on September 29, 1978. After receiving the "take over" form, an employee of the mortgagee called the respondent's agent on September 29, 1978, to notify it that the Wilbanks wished to cancel their policy as of that date. The mortgagee paid appellant's premium on October 2, 1978. Respondent was not paid for coverage beyond September 29, 1978. Once it was informed of the cancellation, respondent's agent routinely sent respondent a cancellation notice on October 3, 1978, showing an effective cancellation date of October 18, 1978.

On October 16, 1978, the Wilbanks' home was severely damaged by fire. Mr. Wilbanks initially contacted only the appellant; he stated he was not aware that respondent's policy was still effective until appellant informed him that it was.

In *Dill v. Lumbermen's Mutual Ins. Co.*, 213 S. C. 593, 50 S. E. (2d) 923 (1948), we acknowledged that policy provisions, like the one in respondent's policy, giving either the insured or the insurer the right to cancel the contract upon notice to the other, are frequently embodied in fire insurance policies. Under the provision, either party has the right to terminate the contract by complying with the requisite terms. The other party's consent is not necessary for an effective cancellation. Couch on Insurance § 67:100 (2nd ed. 1967), 45 C. J. S. Insurance § 455 (1) (1946).

Appellant erroneously relies on *Tyner v. Cherokee Insurance Company*, 262 S. C. 462, 205 S. E. (2d) 380 (1974) to mean that an insurance contract cannot be unilaterally cancelled. However, we merely held that when an insurance policy is cancelled by substitution as opposed to the method of cancellation set forth in the policy, then cancellation may not be affected by one of the parties without the agreement of the other. See also, *Dill v. Lumbermen's Mutual Ins. Co., supra;* and *Lundy v. Litiz Mutual Ins. Co.*, 232 S. C. 1, 100 S. E. (2d) 544 (1957). We further stated in the *Cherokee Insurance Company* case that "cancellation of an

insurance policy by substitution of another is based on mutual assent and may not be unilaterally affected unless the policy so provides." 205 S. E. (2d) at 381. Respondent's policy specifically stated that it could be unilaterally cancelled by either party. On September 14, 1979, Mr. Wilbanks signed an application for insurance with appellant; he also signed a "take over" form requesting the mortgagee to cancel respondent's policy and to pay the premium on appellant's policy. Thus the insured unilaterally cancelled respondent's policy

The trial court correctly concluded the appellant's policy was the only effective policy on the day of the loss.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.