**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Terri L. Johnson, Appellant,

v.

State Farm Mutual Automobile Insurance Company, Respondent.

Appellate Case No. 2019-000906

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-305
Submitted May 2, 2022 – Filed July 7, 2022

———————

**AFFIRMED**

———————

Howard Walton Anderson, III, of Truluck Thomason, LLC, of Greenville, for Appellant.

Robert William Whelan and Mary Kathleen McTighe Mellen, both of Whelan Mellen & Norris, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Terri L. Johnson (Terri) appeals the circuit court's grant of summary judgment to State Farm Mutual Automobile Insurance Company (State Farm). Terri asserts the circuit court erred in granting summary judgment to State Farm on her breach of contract claim because it incorrectly found (1) her husband,

Stephen Johnson (Stephen), canceled his Scion policy before her February 19, 2014 car accident occurred and (2) she did not have an insurable interest on February 19, 2014.  Further, Terri contends the circuit court erred in granting summary judgment to State Farm on her bad faith claim because a genuine issue of fact existed regarding the Scion policy's cancelation date.  We affirm.

1. The circuit court did not err in granting State Farm summary judgment on Terri's breach of contract claim.  The circuit court correctly determined Stephen canceled the Scion policy prior to Terri's car accident when he called his State Farm agent and told her to cancel the policy.  *See Wilbanks v. Prudential Prop. & Cas. Ins. Co.*, 277 S.C. 256, 257-59, 286 S.E.2d 127, 128-29 (1982) (finding a policy had been canceled prior to the date of loss even though the insurer's cancelation notice stated the policy's cancelation was effective after the date of loss because the policy allowed either party to unilaterally cancel the policy and the insured's agent received notice the insured wanted to cancel the policy prior to the date of loss).  Additionally, the circuit court correctly determined State Farm's withdrawal the Scion policy's premium from the Johnsons' bank account on February 10, 2014, did not affect the Scion policy's cancelation because State Farm later refunded the unearned premium and the Scion policy specifically stated any delay in returning unearned premiums would not affect the policy's cancelation.  *See McElmurray v. Am. Fid. Fire Ins. Co.*, 236 S.C. 195, 204-05, 113 S.E.2d 528, 532-34 (1960) (finding an insurer's failure to return unearned premiums to an insured did not affect a policy's cancelation because the policy's terms expressly stated the return of unearned premiums was not necessary to cancel the policy).[1]

2. The circuit court did not err in granting State Farm summary judgment on Terri's bad faith claim.  The circuit court correctly determined Stephen's request to cancel the Scion policy prior to Terri's accident made it reasonable for State Farm to contest coverage under that policy.  *See Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 645, 594 S.E.2d 455, 462 (2004) ("Under South Carolina law, an insurer acts in bad faith when there is no reasonable basis to support the insurer's decision.  But '[i]f there is a reasonable ground for contesting a claim, there is no bad faith.'"  (alteration in original) (internal citation omitted) (quoting

---

[1] Because we find the circuit court did not err in determining the Scion policy had been validly canceled, we do not address Terri's argument that she and Stephen maintained insurable interests on February 19, 2014.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting appellate courts need not address remaining issues when disposition of an issue is dispositive).

*Crossley v. State Farm Mut. Auto. Ins. Co.*, 307 S.C. 354, 360, 415 S.E.2d 393, 397 (1992))).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.