E. V. DAWSON, FIRST NATIONAL BANK, OF DUNN, AND N. A. TOWN-
SEND, TRUSTEE, v. CONCORDIA FIRE INSURANCE COMPANY, OF
MILWAUKEE, WISCONSIN, AND NATIONAL BEN FRANKLIN FIRE IN-
SURANCE COMPANY, OF PITTSBURGH, PENNSYLVANIA.

(Filed 20 October, 1926.)

1. **Insurance, Fire—Policies — Contracts — Payment of Premium — De-
livery—Intent.**

Where a policy of fire insurance is in the hands of the company's
soliciting agent, before the insured has paid the premium thereon neces-
sary for the policy to be enforced in case of loss by the insurer, as ex-
pressed upon its face, and a loss has been incurred which is covered by
the policy, under conflicting evidence, the question as to whether the
policy has been delivered to the soliciting agent of the company is largely
one of intention of the insured, and the agent of the insurer who had
agreed between themselves that the payment of the premium should be
deferred.

2. **Same—Evidence.**

Whether or not a fire insurance company has delivered its policy cover-
ing the loss in suit to its agent with the intent that it should be delivered
to the insured contrary to an express condition appearing in the face of
the policy that its validity depended upon the payment of the premium
by the insured, may be shown by the words or acts of the insured indi-
cating that the policy, in the hands of the agent at the time of the loss,
was not beyond its legal control, and if the insured, the plaintiff in the
action, establishes this fact to the contrary, he may recover damages for
a loss occurring within the life of the policy.

3. **Same—Delivery of Policy Upon Condition of Payment of Premium.**

A policy of fire insurance, issued in the statutory form, may by agree-
ment between the insurer or its authorized agent and the insured be de-
livered upon the mutual intent, that it shall be valid only upon the subse-
quent payment of the premium at a fixed future date, and under such
circumstances the policy will have no binding effect until this condition
has been fulfilled.

4. **Same—Principal and Agent—Agreement of Agent Extending Time
To Pay Premium.**

Where the agent of a fire insurance company has personally agreed
with the insured that the latter may pay the premium thereon within a
certain fixed time, and the company itself is not a party thereto, and has
not become bound thereby, and a loss has occurred within the life of the
policy contract, the insurer, the principal, is not liable for the loss in
suit.

5. **Same—Cancellation of Policy by Insurer—Notice—Policy—Contracts.**

Where a fire insurance company has issued a policy, through its agent,
upon condition that it may cancel its policy upon given previous notice
to the insured, such notice has no application to a separate and inde-
pendent agreement between the agent and the insured as to the pay-

ment of the premium, contrary to the terms of the policy, or requires the insurer to give such previous notice before canceling the policies at the agent's request.

6. **Same—Notice of Cancellation Given by Insurer's Agent Under an Independent Contract.**

The stipulation in the standard fire insurance policy, giving the insurer the right of cancellation upon notice, is for the protection of the insurer, and requires a strict compliance with its terms as to the notice given, but is not applicable when the notice is given by its agent, acting in behalf of the insured, under an independent agreement with the insured as to the payment of the premium contrary to the express stipulation of the policy, and by which agreement the company has never become bound.

7. **Insurance, Fire—Policies — Contracts — Principal and Agent — Cancellation.**

Where the agent of the insurer enters into an independent contract with the insured to carry the premium for a certain period of time, and the insured has failed to pay accordingly, there is an implied authority given by the insured to the agent, to cancel the policy with insurer, under the provision in that respect of the standard or statutory form.

8. **Insurance, Fire—Policies—Loss Payable Clause—Damages—Insurer's Liability.**

Where the insured has lost his right to recover for a loss by fire under his contract with the insurer, for failure to pay the premium, no right can be acquired by one claiming under the "loss payable clause" of the policy contract.

9. **Contracts—Parol Evidence—Written Contracts.**

Where the defense to an action to recover upon a policy of fire insurance is that the policy was not delivered to the insured for nonpayment of premium, it goes to the question as to whether the contract had been made, and admits of parol evidence contradictory or at variance with the written contract in suit.

ADAMS, J., dissenting.

APPEAL by plaintiff from *Sinclair, J.*, of HARNETT. No error.

On 13 April, 1923, defendant insurance companies issued two policies of insurance, in the standard form prescribed by statute, insuring plaintiff, E. V. Dawson, for one year, against loss of the property described therein, by fire; each policy was for $2,500; contemporaneously with the issuance of said policies, it was expressly agreed by said plaintiff, and the agent of defendants, that credit should be extended by said agent for the payment of the premiums therefor, and that if said premiums were not paid within the time agreed upon, which was prior to 30 April, 1923, said agent might cancel said policies; the policies were not delivered to plaintiff, but were retained by the agent for plaintiff, the insured; the premiums were not paid within the time agreed upon, and on 30 April, 1923, the agent wrote on each policy

the word "Can," an abbreviation for the word "canceled," and sent the policies to the general agent of said companies, at Raleigh, N. C.; on 2 June, 1923, the property described in said policies was destroyed by fire; the value of the property, at the date of its destruction, was $8,000. This action was begun on 22 October, 1923, to recover the amounts alleged to be due under said policies.

Each of said policies contained a clause in the following words: "Any loss that may be ascertained and proven to be due the assured under the building items of this policy shall be held payable to First National Bank, Dunn, N. C., subject, nevertheless, to all terms and conditions of this policy." At the time of the issuance of said policies, plaintiff, E. V. Dawson, was indebted to said bank.

Upon the verdict of the jury, finding the facts as above stated, judgment was rendered that plaintiffs take nothing by this action, and that defendants go without day. From this judgment plaintiffs appealed to the Supreme Court.

*E. C. West and Clifford & Townsend for plaintiffs.*
*F. S. Spruill and Young & Young for defendants.*

CONNOR, J. The policies of insurance, upon which this action was begun, issued on 13 April, 1923, and insuring plaintiff, E. V. Dawson, for one year, against the loss of the property described therein, by fire, were in force on 2 June, 1923, the date of the destruction of said property (1) unless said policies were delivered upon condition that they should not become effective until the premiums were paid, or (2) unless the policies were canceled on 30 April, 1923, as contended by defendants. Plaintiffs contend that the policies were delivered without condition as to payment of premiums, and that the attempted cancellation by the agent on 30 April, 1923, was not valid, and therefore did not release defendants from their obligations, under the policies, because no notice, as required in the policies, was given to him by defendants, of an intention to cancel the policies, or that the same had been canceled.

Whether a policy of insurance has been delivered or not is largely a question of intention. If it was the intention of defendant companies, acting by their authorized agents, that the policies, executed by them, should be completed instruments; if this intention was evidenced by words or acts of defendants, indicating that the policies were put beyond their legal control; and if plaintiff acquiesced in this intention, and accepted the policies, they were delivered, so as to become effective from the date of issue, notwithstanding they did not pass beyond the physical control of the agents of the defendant companies; Vance on

Insurance, p. 169; *Hardy v. Insurance Co.,* 154 N. C., 430; *Mfg. Co. v. Assurance Co.,* 161 N. C., 88, 26 C. J., 58, sec. 51. Retention by the agent of the company of the policy, which, as between the insurer and the insured, has been delivered as a completed instrument, does not affect its validity.

A policy of insurance, in form as required by statute, may be delivered upon condition that it shall not become effective until the happening of some subsequent event. "In such cases, the policy is of no binding effect until the condition is fulfilled. Such conditions may be shown by parol, without violating the well-known rule prohibiting the varying of written agreements by parol testimony. The condition so shown goes to the existence of the policy, and not to its terms." Vance on Insurance, p. 170. In *Hartford Fire Insurance Co. v. Wilson,* 187 U. S., 467, 47 L. Ed., 261, it is held that a policy of fire insurance may be delivered to the agent of the insured upon condition, and that if the condition is not fulfilled, prior to the destruction of the property by fire, no recovery can be had, because the policy had not become effective prior to the loss. 18 Roses' Notes, p. 1187. See 26 C. J., p. 59, note 95.

The jury in the instant case has found that the policies were issued as alleged in the complaint; there is no finding or admission in the pleadings or otherwise that they were issued or delivered, conditionally as between the insurer and the insured. The policies became effective for all purposes on the day of their issue. The agreement as found by the jury was not between the insured and the insurer with respect to the terms of the policy but between the insured and the agent of the insurer with respect to the payment of the premiums to the said agent, and not to the company. Unless canceled in accordance with its terms, each of the policies continued in full force and effect from date of issue until 2 June, 1923, the day on which the property was destroyed by fire. There was an unconditional delivery of the policies, and they were in full force and effect, according to all the terms thereof from the date of their issuance.

It is expressly stipulated in each policy, as required by statute (1) that "this policy will be canceled at any time at the request of the insured," and (2) that "the policy may be canceled at any time by the company by giving to the insured five days' written notice of cancellation." No notice of intention to cancel, or of cancellation was given to the insured by the company. Clearly, therefore, if the attempted cancellation of the policies, on 30 April, 1923, was upon the initiative of the companies, or of their agent, acting for them, it was void. It did not release the companies from their obligations under the policies; they were in force, notwithstanding such attempted cancellation, on 2

June, 1923. No contract, valid in its inception, and unobjectionable in its terms, can be canceled, without the consent of all parties, who have acquired rights thereunder. *Trust Co. v. Ins. Co.,* 173 N. C., 558. The insured, when he accepted the· policy, consented that the company might thereafter cancel the policy, upon giving him notice, in writing, of five days. This provision is manifestly for the protection of the insured. The right of the company to cancel the policy exists only because of the consent of the insured, given at the time of his acceptance of the policy and thereafter to be acted upon by the company only upon strict compliance by it with the terms upon which such consent was given. "A consent to a cancellation on a specified condition does not terminate the insurance unless such condition is performed." 26 C. J., p. 147, note 38. No written notice of five days having been given to plaintiff, by defendants, as required by the terms of the policies, defendants had no right to cancel the policies on 30 April, 1923; if the cancellation on said date was made by the companies, and not at the request of plaintiff, it is void, and did not terminate the insurance. Vance on Insurance, p. 495; *Mfg. Co. v. Assurance Co.,* 161 N. C., 88.

It is stipulated in the policy, however, that it will be canceled at any time by the company, at the request of the insured. This request may be made by the insured, in person, or by his authorized agent. Manifestly, the request for cancellation must be made after the policy has been issued, and while it is in force. It does not follow, however, that the agent who makes the request in behalf of the insured, must have been authorized so to do, after the policy has been issued, and while it was in force; such authority may be given prior to, or contemporaneously with the issuance of the policy. It may also be given upon condition, to be exercised in the discretion of the agent, upon the happening of the condition.

In the instant case, the terms of the contract of insurance between the insured and the insurer are contained in the written policy, as required by statute. The agreement as found by the jury, with respect to cancellation upon the failure of plaintiff to pay the premiums on the policies, was not a part of the contract of insurance between plaintiff and defendants. Only plaintiff, and the agent, acting in his own behalf, and not for his principal, were. parties to this agreement. The ·agent did not undertake to act for, or to bind his principal, by the agreement. Failure of plaintiff to pay the premiums, within the time agreed upon, was not intended to result in a forfeiture of the policy. The agreement had no effect whatever upon the rights and obligations of plaintiff and defendant, under the policy. It was for the protection of the agent, who, upon the issuance of the policies, became liable to

defendants for the amount due for premiums. These premiums were payable in money; it was the duty of the agent to collect the premiums; upon the issuance of the policies, he became liable at once to the companies for the amount of the premiums. In extending credit to plaintiff, he was acting for himself, and not for the company. In consideration of the extension of credit, plaintiff agreed that upon his failure to pay the amount due as premiums, within the time agreed upon, the agent, acting for him, might cancel the policies, and thus relieve himself of liability to the company, or at least reduce the amount for which he was liable on account of premiums on these policies. The effect of the agreement was to authorize the agent, in behalf of plaintiff, to have the policies canceled by the companies, by making the request as provided in the policies. The agent having made the request, upon the failure of plaintiff to pay the amounts due him for premiums on the policies within the time agreed upon, the policies were thereby canceled on 30 April, 1923. After said date they ceased to have any validity as contracts of insurance. There is no error in the judgment that E. V. Dawson take nothing by this action.

The authorization by plaintiff of the agent of the companies to cancel the policies, as his agent, upon plaintiff's failure to pay the amounts due as premiums, within the time agreed upon, and the cancellation by said agent of the policies, under such authority, was not inconsistent with the duties which said agent owed to the companies. He had fully performed such duties when the policies were issued. The companies had consented that they should be canceled at any time upon the request of plaintiff. No terms or conditions were imposed upon plaintiff, and upon his request, made by the agent, defendants had no discretion, with respect to the cancellation. See *Warren v. Franklin Fire Ins. Co.,* 161 Iowa, 440. L. R. A., 1918 E., 477.

There being no error in the judgment that the insured cannot recover in this action, it must follow that there is no error in adjudging that his coplaintiffs cannot recover. No sum having been ascertained and proven to be due to the assured under the policies, none can be recovered by them under the "Loss Payable" clause in the policies. *Roper v. Ins. Co.,* 161 N. C., 151; *Gilman v. Commonwealth Ins. Co.,* 112 Me., 528, L. R. A., 1915 C, 759 note. The New York Standard mortgage clause is not in the policies.

The judgment is affirmed. There is
No error.

ADAMS, J., dissenting.