PER CURIAM.
These consolidated appeals arose from an auto-pedestrian accident resulting in the deaths of two pedestrians, Paul Mouchon and Loren Mouchon. It occurred on July 18, 1969.
The decedents’ various representatives sued the vehicle owner Peterson, driver, Palmer, and Peterson’s insurance carrier, Motor Club of Iowa for damages. The only substantive question on appeal is whether Peterson’s insurance policy with Motor Club was in effect on the date of the accident.
*430 The insurance company asserted that Peterson’s policy had been effectively canceled prior to the accident. The court agreed and granted summary judgment in its favor. We affirm.
Peterson’s insurance coverage was tangled. He had recently moved to Florida from Iowa. In Iowa he maintained a liability insurance policy with the Motor Club of Iowa Insurance Company, air affiliate of the American Automobile Association. On June 20, 1969, Peterson received a letter from this insurance company which said that, since he was no longer a resident of their area, he should.get a new policy as soon as possible.
Peterson then secured coverage from State Farm Insurance Company.
Enclosed in the June 20th letter from Motor Club was a lost policy receipt card, which Peterson was to send in if he wished his insurance to terminate before its scheduled termination. Peterson lost this card. Therefore, even though he now was covered by State Farm, he decided, rather than go through the trouble of requesting another lost policy card, he would let his Motor Club policy expire naturally on July 23rd and have double coverage for approximately a month.
On or about July 13th, 1969, Peterson found his lost policy receipt card. He decided he might as well try to get a refund. He sent it in on the condition that they would let his policy expire retroactively on June 30th. If they could not do that, he wished his policy to expire as scheduled on July 23rd.
Motor Club received the lost policy receipt card on July 15th and started processing it immediately.
On July 19th Peterson called Motor Club to advise them of the accident. Motor Club said they were already processing his refund and this refund was received by Peterson on July 25th and cashed on July 29th.
Plaintiffs view this act of sending notice as only a conditional offer to cancel, conditioned on the insurance company’s retroactive acceptance. Plaintiffs say they received no notice of acceptance prior to the accident; therefore, cancellation was ineffective. We disagree for these reasons:
1. The policy contained a cancellation clause which obviated the common-law offer-acceptance criteria.[1] No action on the part of the insurance company was necessary or contemplated by the contract to communicate and consummate cancellation. The policy was effectively canceled upon the company’s receipt of the notice of cancellation. Commercial Standard Insurance Company v. Farmers Alliance Mutual Insurance Company, 10 Cir. 1967, 385 F.2d 826.
2. The retroactive request goes only to the amount of the premium refund, not to the date of cancellation. It does not condition the cancellation, only the refund. Therefore it is no bar to effective cancellation here. Commercial Credit Corporation v. Standard Marine Insurance Company, Fla.App. 1969, 221 So.2d 232.
3. In any event, the insurance company complied with Peterson’s request and made the cancellation retroactive to June 30, 1969. Since that is what Peterson requested and wanted, there is no disagreement.
In view of the above finding of effective cancellation prior to the accident, Peterson’s cross-appeal against the insurance compány in cases 71-794, 71-795 and 71-796 is without merit and the summary judgment entered therein is also affirmed.
All judgments rendered in this consolidated appeal are, therefore, affirmed.
Affirmed.
WALDEN and OWEN, JJ., and RICHARDSON, GEORGE, Associate Judge, concur.

. “16. Cancellation. This policy may be cancelled by tlio insured named in Item 2 of the declarations by mailing to the company written notice when thereafter the cancellation shall be effective. . . ”