■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v STROMBERG CARLSON CORPORATION, Petitioner, and I. U. E., LOCAL No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with the following memorandum: The commissioner's finding that the complainant was willing and able to work until the day she gave birth is not supported by substantial evidence (see *SDHR [Truitt] v Stromberg Carlson,* 66 AD2d 990). The matter is remitted to the division for the purpose of making an appropriate evidentiary record. (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v STROMBERG CARLSON CORPORATION, Petitioner, and I. U. E., LOCAL No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with memorandum in *SDHR (Truitt) v Stromberg Carlson Corp.* (66 AD2d 990). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v STROMBERG CARLSON CORPORATION, Petitioner, and I. U. E., LOCAL No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with memorandum in *SDHR (Truitt) v Stromberg Carlson Corp.* (66 AD2d 990). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v STROMBERG CARLSON CORPORATION, Petitioner, and I. U. E., LOCAL No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with memorandum in *SDHR (Truitt) v Stromberg Carlson Corp.* (66 AD2d 990). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ CROUSE-HINDS COMPANY, Respondent, v CHARLIE L. JONES et al., Defendants, INSURANCE COMPANY OF NORTH AMERICA, Appellant, and LUMBERMENS MUTUAL CASUALTY COMPANY/KEMPER INSURANCE GROUP, Respondent.—Judgment unanimously affirmed, with costs. Memorandum: In affirming, we point out that the exclusions contained in the plaintiff's general liability insurance policy with appellant did not relieve appellant from its contractual duty to defend plaintiff in the third-party action against it or respond if plaintiff becomes liable for damages (see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551). That being so, whether appellant's disclaimer was untimely or not is irrelevant. The contract obligated appellant to represent plaintiff in the third-party action and answer for damages assessed against plaintiff to the limits of the policy. It could not legally disclaim that contract responsibility. (Appeal from judgment of Onondaga Supreme Court—declaratory judgment.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.

■ C. TAYLOR WETTLAUFER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58332.)—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to claimants, in