OPINION OF THE COURT
Thomas Aloi, J.
FACTS
Plaintiff is insured under a homeowner’s policy issued by defendant State Farm Insurance Companies (State Farm), obtained through defendant Thomas J. Graceffo. State Farm alleges that there was a lapse in continuity of coverage between plaintiff’s current policy and a previous policy which insured his former residence.
On February 20, 1977, plaintiff’s then three-year-old daughter was seriously injured by a Nestlé Company truck while sledding at "Kidhaven Park” owned by the Fulton Kiwanis Recreation Association. Plaintiff commenced an action against Nestlé and the Kiwanis Association; Kiwanis interposed an answer with a counterclaim for indemnification alleging plaintiff’s negligent supervision. When State Farm refused to defend against that counterclaim, plaintiff commenced an action *1033 for declaratory relief, and now brings this motion for summary judgment. Defendants ask dismissal of the complaint.
State Farm contends that it is not obligated to provide a defense to the counterclaim for several reasons: (1) that no policy was in effect on the day of the accident, plaintiff allegedly having requested cancellation of his first policy as of December 15, 1976, and not having applied for the second until February 24, 1977; (2) that the policy specifically excluded coverage for "bodily injury * * * arising out of any premises, other than the insured premises”; (3) that the policy excludes coverage for "bodily injury to any insured”, a definition which includes plaintiff’s daughter; (4) that the policy provides that no suit or action shall be brought by an insured against the company until the amount of the insured’s obligation to pay has been finally determined by judgment or agreement.
I
Taking the last objection first, the court finds that insofar as policy Condition No. 6 entitled "Suit Against This Company” purports to prevent an insured from commencing an action for a pretrial declaration respecting his right to a company-provided defense, it is unconscionable. The duty to defend has been referred to as "litigation insurance” (International Paper Co. v Continental Cas. Co., 35 NY2d 322), and is one of the most important items of protection afforded the insured. To accept State Farm’s interpretation of this clause would be to require that an insured incur the often substantial cost of providing his own defense, and then lose his case and permit judgment to be entered against him before he may challenge a wrongful refusal to defend — a denial of a right for which he contracted, and which might inexpensively and simply have been determined as a matter of law on a pretrial motion. Further, if Condition No. 6 were applied to actions for a declaration of rights, an insured who managed successfully to defend the tort action against him would have no recourse at all against the company for expenses resulting from a wrongful refusal. Nowhere in the policy is such an extreme limitation of the insured’s rights clearly expressed. Even if the court had not found defendant’s interpretation unconscionable, at best the clause is ambiguous and must be construed against the company, and in favor of the insured (Hollander v *1034 Nationwide Mut. Ins. Co., 60 AD2d 380, 384, mot for lv to app den 44 NY2d 646 and cases cited therein).
II
Defendants’ first objection is also found to be without merit. Defendants allege that in December, 1976 and again on February 18, 1977, plaintiff instructed Graceffo to cancel coverage on the Hunting Creek Drive premises, plaintiff having moved into the Beley Avenue residence in advance of closing. The closing was postponed to March 2, 1977. Defendants allege that "on or about” March 3, 1977, State Farm canceled the policy retroactive to December 15, 1976, and allegedly refunded the remainder of the premium. Since plaintiffs second policy covering the Beley Avenue residence was not effective until February 25, 1977, defendants claim that no policy was in effect on the date of the accident.
Plaintiff denies that such a conversation ever took place. He alleges instead that in December, 1976, he informed agent Graceffo of the situation respecting the two residences, and asked that continuous coverage be arranged. He denies ordering retroactive cancellation of the first policy. Ordinarily, such differing versions of a conversation would raise a triable issue of fact (M & M Jewelry Creations v Hartford Fire Ins. Co., 26 AD2d 816). Here, however, the court finds the purported cancellation ineffective under either version of the facts. It has long been settled that in this State, a cancellation is not effective until notice thereof is received by the company, regardless of the intentions of the insured (Russ Togs v Fidelity-Phenix Ins. Co., 32 NY2d 628, affg 36 AD2d 706). Even accepting defendants’ version as true, this court finds that State Farm did not receive notice of cancellation until after the accident. Assuming that Graceffo did receive notice of plaintiff’s intention to cancel in December or on February 18, no proof whatever has been offered that he was an agent "authorized to receive and accept such notice”, on the company’s behalf. (Russ Togs v Fidelity-Phenix Ins. Co., 36 AD2d 706, supra.) "[TJhere is no presumption that an agent authorized to solicit insurance has authority to cancel policies on the request of the insured. And it has been held that notice to an agent or broker through whom the insurance was effected is not notice to the company.” (6A Appleman, Insurance Law and Practice [1972 ed], § 4226, pp 658-659.) Although Graceffo is referred to as an "agent” by State Farm, "there is no *1035 evidence in the record to support the conclusion that he was authorized * * * as an agent to receive and effect cancellation of the policy” (Matter of Country-Wide Ins. Co. v Wagoner, 57 AD2d 498, 502, revd on other grounds 45 NY2d 581, 586, n 1). The notice of cancellation rule is regarded as so important for the insured’s protection that even where an insured told a broker of his intention to cancel, obtained substitute insurance, and failed to pay a premium due, the Court of Appeals found no notice sufficient to effect cancellation (Providence Washington Ins. Co. v Security Mut. Ins. Co., 35 NY2d 583, 586).
The court rejects defendants’ claim that plaintiff bears the burden of offering evidence respecting the agent’s authority. Such proof is peculiarly within the knowledge of defendants, who had the obligation to come forward with it on a motion for summary judgment.
Accordingly, absent proof of Graceffo’s authority to act for the insurer, this court finds cancellation did not occur until State Farm’s receipt of the cancellation request. In view of the intervening accident, the company’s purported retroactive cancellation was ineffective.
Ill
State Farm also disclaims liability and the duty to defend on the ground that the injury to plaintiff’s daughter is excluded from coverage both as a bodily injury to an insured, and as an injury occurring off the insured premises. While a direct claim by the daughter might well be barred by these provisions, plaintiff’s claim is different in nature. The liability at issue in the declaratory action is not for injuries suffered by plaintiff’s daughter, but rather plaintiff’s potential liability to third parties for negligence which may be apportioned against him (Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y., 45 NY2d 551). The policy exclusions cannot be interpreted to relieve State Farm of the obligation to defend a third-party action (Crouse-Hinds Co. v Jones, Supreme Ct, Onondaga County, Lynch, J., affd 66 AD2d 991; see, also, International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325, supra).
 The risk to the insured of such liability is one against which State Farm owes a duty to defend, absent a clear exclusion in the policy. "[T]he rule of construction applied to ambiguous terms in insurance contracts strongly favors the *1036 insured * * * This principle holds particularly true in cases where the ambiguity is in an exclusionary clause” (Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 384, supra; see, also, Sacks v Hartford Ins. Co., 68 AD2d 48). While this court finds that State Farm must provide a defense on the counterclaim, the duty to defend is often broader than the duty to pay (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148) and the issue of liability is more appropriately left for post-trial determination (Prashker v United States Guar. Co., 1 NY2d 584).
CONCLUSION
In accordance with the foregoing, the court finds that defendant State Farm has a duty to defend plaintiff on the counterclaim, and in that respect plaintiffs motion is granted. Defendant’s motion to dismiss the complaint in the declaratory judgment action is denied.