HANOVER INSURANCE COMPANY, Respondent, v CHARLES EGGELTON, Doing Business as WALLKILL BODY SHOP, et al., Defendants, and NATIONWIDE INSURANCE COMPANY, Appellant.

Third Department, July 29, 1982

APPEARANCES OF COUNSEL

*Owen & Grogan* (*Robert P. Augello* of counsel), for appellant.

*Cook, Tucker & Netter* (*Robert D. Cook* of counsel), for respondent.

*Finkelstein, Mauriello, Kaplan & Levine* (*Benjamin J. Fried* of counsel), for Charles Eggelton, defendant.

OPINION OF THE COURT

MIKOLL, J.

In October, 1977, Janette Skinner (now Janette Simpson), who had insurance with defendant Nationwide Insurance Company (Nationwide), requested insurance coverage for a second car, a 1974 Mercury Comet, to be operated primarily by her teen-age son, Robert Skinner. Coverage was provided by adding the 1974 Comet as car No. 2 on her

existing policy. Nationwide canceled the policy for nonpayment, effective January 10, 1978. Nationwide then received a letter, dated January 10, 1978 from Mrs. Skinner, requesting that coverage for the 1974 Comet be canceled because she was taking it off the road and requesting that insurance on her 1974 Montego be continued.

In fulfilling Mrs. Skinner's request, Nationwide reprogrammed its file to show how the policy existed prior to the cancellation of January 10, 1978. When the file showed the two cars on the policy, Nationwide then deleted the 1974 Comet effective January 12, 1978. However, Nationwide erroneously issued an FS-20 (proof of insurance) form and mailed it to the insured on February 10, 1978. This form showed insurance coverage on the 1974 Comet from January 12, 1978 to January 12, 1979. Nationwide, relying on Mrs. Skinner's request for cancellation, made no attempt to give notice of cancellation to Mrs. Skinner. Sometime in the fall of 1978, a renewal notice for registration of the 1974 Comet was sent to Mrs. Skinner's home. She was in Oklahoma at the time and by phone instructed her son to ignore the notice. However, unknown to her, the 1974 Comet was reregistered over her forged signature, using the erroneously issued FS-20 form as proof of insurance coverage.

On October 21, 1978, the 1974 Comet was involved in a serious one-car accident resulting in the death of Robert Skinner, who was driving the car, and one of the passengers, Jeffrey Eggelton. The father of the deceased passenger made a claim under the uninsured portion of his own automobile policy with Hanover Insurance Company (Hanover). Hanover then brought this action against Nationwide for a declaratory judgment that the 1974 Comet was insured by Nationwide at the time of the accident.

After a nonjury trial, the court found that the 1974 Comet was insured by Nationwide at the time of the accident, in that Nationwide had issued an FS-20 form covering the vehicle and that Nationwide had failed to prove cancellation in accordance with the Insurance Law. Judgment was thereafter entered in conformance with the trial court's findings and this appeal ensued.

Nationwide argues that the insurance was canceled by the request of the insured, that the notice provisions of section 313 of the Vehicle and Traffic Law therefore have no application, and that proof of the cancellation request was sufficient to rebut the presumption of coverage which arises because of the issuance of the FS-20 form. We agree. The judgment entered in favor of plaintiff should be reversed and judgment declaring that the 1974 Mercury Comet was not insured by defendant Nationwide on October 21, 1978 should be granted.

The registration for the 1974 Comet was issued in reliance upon an FS-20 (proof of insurance) form showing Nationwide as the insurance carrier. This cast the burden on Nationwide to prove that it did not insure the vehicle or that it followed the requisite procedure for cancellation (see *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886).

In meeting its burden, Nationwide established that the insured requested cancellation of the insurance coverage on the 1974 Comet. The cancellation became effective upon receipt of the request on January 12, 1978 without requiring any further action by the insurer, since the statutory notice provisions of section 313 of the Vehicle and Traffic Law have no application where cancellation is effected by the insured (see *Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d 498, revd on other grounds 45 NY2d 581).

Respondents contend, however, that the cancellation *prior* to the issuance of the FS-20 form was insufficient to cancel the later apparent coverage. This argument is not persuasive since the mistaken issuance of the "proof of insurance" after the cancellation was effected by the insured does not create a contract of insurance between the former insured and the insurer, especially when the insured did not rely upon a mistaken belief that the policy was still in effect. Moreover, the illegal acts of an individual improperly utilizing the mistakenly issued FS-20 form should not be the responsibility of the insurer. The strong public policy of protecting innocent injured persons from the financial consequences of accidents does not require such a result. The public policy is given effect by criminal and civil sanctions against those who knowingly *own* or *operate* uninsured vehicles (Vehicle and Traffic Law,

§ 318), not by prohibiting cancellation of insurance policies.

It appears that the insurer failed to notify the Commissioner of Motor Vehicles that the insured had canceled the insurance. This requirement will become law as of September 1, 1982 (Vehicle and Traffic Law, § 313, subds 2, 3) and cancellation will then not be effective against third persons until the insurer has filed notice with the commissioner (Vehicle and Traffic Law, § 313, subds 2, 3). However, at present, the failure to notify the commissioner does not nullify the insurer's cancellation of insurance (*Capra v Lumbermens Mut. Cas. Co.*, 31 NY2d 760).

It is also argued that the failure to notify the insured's 16-year-old son, who was listed as the principal driver of the car on the policy, operated to make the cancellation ineffective. Under the facts herein, this failure is not sufficient to nullify the cancellation. The insured was the owner of the car and it is reasonable for the insurer to assume that the parent-owner has control over who drives her car and that notice to the owner would be sufficient.

The judgment should be reversed, on the law, with costs, and judgment directed to be entered declaring that the subject 1974 Mercury Comet was not insured by defendant Nationwide on October 21, 1978.

MAIN, J. P., YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, with costs, and judgment directed to be entered declaring that the subject 1974 Mercury Comet was not insured by defendant Nationwide on October 21, 1978.