STITH, ADMR., APPELLEE, *v.*
MILWAUKEE GUARDIAN INSURANCE,
INC., APPELLANT.

(No. 13335—Decided
March 16, 1988.)

*James B. Lindsey* and *Edgar M.
Moore,* for appellee.

*Charles E. Brant, Donald L.
Anspaugh* and *Steven G. LaForge,* for
appellant.

QUILLIN, J. The defendant appeals
from the trial court's decision granting
plaintiff's summary judgment motion.
We reverse.

On September 22, 1982, defen-
dant, Milwaukee Guardian Insurance,
Inc. ("Guardian"), issued plaintiff,
Joseph J. Stith, a six-month renewable
automobile insurance policy. Stith con-
tinued to renew the Guardian policy
through the March 22, 1985 to
September 22, 1985 period. However,
not having received a premium pay-
ment for the succeeding period, Guar-
dian sent Stith notice on September
24, 1985 that if payment was not
received by October 5, 1985, the policy
would terminate. On September 28,
1985, Stith's son, Gary M. Stith, was
killed in an automobile accident involv-
ing an uninsured driver. Stith filed a
claim with Guardian.

Subsequent to authorizing medical
payments on Stith's claim, Guardian
learned that Stith had purchased an in-
surance policy from Nationwide In-
surance that became effective Septem-
ber 23, 1985, five days prior to Gary
Stith's death. Guardian notified Stith
denying coverage pursuant to the
following clause in its insurance con-
tract:

"If other insurance is obtained on
your insured car, any similar insurance
afforded under this policy for that car
will cease on the effective date of the
other insurance."

Stith filed an action for declara-
tory judgment requesting that the
court find that the Guardian policy was
in force on September 28, 1985, the
date of the accident. Stith argued in his
summary judgment motion that the
"automobile termination" clause,
under which Guardian denied cover-
age, is in direct conflict with the

policy's "other insurance" clause, which reads in part:

"If there is other applicable auto liability insurance on a loss covered by this Part, we will pay our proportionate share as our limits of liability bear to the total of all applicable liability limits. * * *"

Stith referred the trial court to *Pooler* v. *Shelby Mut. Ins. Co.* (Dec. 23, 1985), Montgomery App. No. 9407, unreported, a case factually similar to the cause *sub judice,* and in which the policy there in question contained nearly identical provisions to those contained in the Guardian policy. In *Pooler,* the appellate court agreed with the trial court's holding that the "automatic termination" and "other insurance" clauses were ambiguous and that "* * * 'an average person could reasonably conclude that Shelby Mutual would provide coverage for its proportionate share where another policy is purchased. * * *' " (Quoting the trial court.)

Relying on *Pooler,* the trial court found the provisions in the Guardian policy to be ambiguous and granted Stith's summary judgment motion. Guardian appeals.

### Assignment of Error

"The court erred as a matter of law in granting summary judgment for the plaintiff. The automobile termination clause of the subject insurance policy is valid and enforceable, is unambiguous, and does not violate the Financial Responsibility Act."

The first question is whether the two provisions create an ambiguity in the Guardian policy. We do not believe they do.

We are cognizant of the rule that in construing an insurance contract, such construction must be given as will harmonize and give effect to all its provisions, and that no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible. *German Fire Ins. Co.* v. *Roost* (1897), 55 Ohio St. 581, 45 N.E. 1097. We believe that the provisions in the Guardian policy may be read clearly and unambiguously. Guardian cites cases in other jurisdictions in which a policy included "automatic termination" and "other insurance" clauses and where the court construed the policy as a whole and found it to be clear and unambiguous. *Taxter* v. *Safeco Ins. Co.* (1986), 44 Wash. App. 121, 721 P. 2d 972; *Songer* v. *State Farm Fire & Cas. Co.* (1980), 91 Ill. App. 3d 248, 414 N.E. 2d 768; *Allstate Ins. Co.* v. *Republic Ins. Co.* (1974), 78 Misc. 2d 668, 357 N.Y. Supp. 2d 630. The *Taxter* court explained that, despite the "automatic termination" provision, the "other insurance" provisions apply "* * * to all other insurance which covers an accident, not just the insured's, *e.g.,* a passenger injured in an accident is covered by his own policy, the driver's policy, and perhaps by the policy carried by the driver of the other vehicle. * * *" *Taxter, supra,* at 129, 721 P. 2d at 976.

Thus, in situations where the "automatic termination" clause does apply, the "other insurance" clause is simply inoperative. We agree with this rationale and hold that these clauses may be read in a clear and unambiguous fashion.

Stith argues that despite the "automatic termination" provision in the policy, Guardian could not cancel his insurance without the appropriate written notice required by R.C. 3937.31 *et seq.* We do not agree that R.C. 3937.31 *et seq.* governs the method of cancellation in all situations. It is apparent that the purpose of this statute is to provide the insured with adequate notice of an impending cancellation, thus affording the opportunity to obtain other automobile in-

surance. However, when the automobile insurance cancellation is predicated upon the insured's purchase of other insurance, the purpose of the statute remains unimpaired. See *Taxter, supra.* We hold, therefore, that such an automatic termination provision is valid.

The assignment of error is sustained.

*Judgment reversed.*

BAIRD, P.J., and GEORGE, J., concur.