**TURNER et al., Appellants,**

v.

**PROGRESSIVE SPECIALTY INSURANCE COMPANY et al., Appellees,**

[Cite as *Turner v. Progressive Specialty Ins. Co.* (1991), 72 Ohio App.3d 381.]

Court of Appeals of Ohio,
Trumbull County.

No. 89-T-4283.

Decided Feb. 4, 1991.

*Michael Partlow,* for appellants.

*Eugene G. Gillis,* for appellee Progressive Specialty Insurance Company.

*Michael A. Malyuk,* for appellee Paige & Byrnes Insurance, Inc.

*Charles L. Richards* and *Catherine Hawley,* for appellee Aetna Casualty & Surety Company.

EDWARD J. MAHONEY, Judge.

Appellants, Douglas A. Turner and Lawrence S. Turner, appeal the judgment of the court of common pleas finding that an automobile insurance policy issued by appellee Progressive Specialty Insurance Company was not in effect on June 18, 1987, when Brian Turner was involved in an automobile accident. We reverse and remand.

This is a declaratory judgment case. The joint exhibits and stipulations show that Progressive issued a policy to Douglas A. Turner on a 1981 Chevrolet Chevette. Lawrence Turner and Brian Turner were listed as additional drivers. Lawrence Turner was also listed as having an additional interest in the policy. The policy term was March 16, 1987 to September 16, 1987.

On June 8, 1987, on behalf of Douglas A. Turner and with his permission, Lawrence Turner signed Douglas A. Turner's name to a "Policy Cancellation Request Form" pertaining to the policy issued by Progressive. This form was received from Paige & Byrnes Insurance Agency, authorized agent for Progressive. The form indicates that the policy was being cancelled at the insured's request. It was also typed on the cancellation form, "Please cancel this eff. 6–8–87 or sooner if you can do it. The insured went into the service in May, 1987." There is a dispute whether the cancellation form was blank at the time it was signed by Lawrence Turner, but this is not an issue in this appeal. The parties agree that the cancellation request was completed when it was received by Progressive on June 18, 1987.

On June 18, 1987, Brian Turner was involved in an accident while driving the Chevette automobile. The cancellation request was processed by Progressive on June 19, 1987. Progressive cancelled the policy retroactively to May 29, 1987. Progressive issued a check dated June 20, 1987, to Douglas A. Turner for the unearned premium. This refund check has never been negotiated.

It was also stipulated that the turnaround time of the cancellation request was reasonable. It was further stipulated for purpose of the hearing that the Turners had no evidence that Progressive was aware of the accident involving Brian Turner when the cancellation request was processed on June 19th, and that Progressive was not then denying coverage on the basis that it was not notified of the accident in a timely fashion.

The policy states that:

"You may cancel this policy by returning it to us or by advising us in writing when at a future date the cancellation is to be effective."

"Us" is defined in the policy as the company providing the insurance. The policy also provides that all statutory provisions of the state in which the policy is issued will be followed.

The appellants have filed the following assignment as error:

"The trial court erred to the prejudice of the appellants by holding that, as a matter of law, the requirements of R.C. 3937.32 are inapplicable in situations where a policy of automobile liability insurance is cancelled at the request of an insured."

■ The Turners contend that the trial court erred in finding that R.C. 3937.32 does not apply to cancellations initiated by an insured. That statute provides:

"No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:

"(A) The policy number;

"(B) The date of the notice;

"(C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;

"(D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer;

"(E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefor shall be given;

"(F) A statement that if there is cause to believe such cancellation is based on erroneous information, or is contrary to law or the terms of the policy, the insured is entitled to have the matter reviewed by the superintendent of insurance, upon written application to the superintendent made not later than the effective date of cancellation of the policy, and that if a hearing is held by the superintendent of insurance, a deposit of five dollars shall be made, and that such deposit shall be returned to the insured if the finding is in his favor."

The Turners argue that the notice dated June 19, 1987 and sent by Progressive to Douglas A. Turner does not comply with either subsections (C) or (D) of the statute. The Turners are correct in this regard as the notice specifies a cancellation date of May 29, 1987 and contains no explanation as

required by R.C. 3937.32(D). Further, there is no statement pursuant to subsection (F).

We agree, however, with the trial court and hold that R.C. 3937.32 does not apply where the insured initiates the cancellation.

The Turners concede that the general rule is that an insured may unilaterally cancel a policy with no further act by the insurer required to effectuate the cancellation. 17 Couch, Cyclopedia of Insurance Law (2 Ed. 1983) 555, Section 67:100; see, *e.g., Hanover Ins. Co. v. Eggelton* (N.Y.App.1982), 88 A.D.2d 188, 453 N.Y.S.2d 898. R.C. 3937.32 is in accord with this general rule.

By its terms, the statute requires the notice of cancellation to contain all six items listed therein. We see no persuasive reason why the explanation and statement required by R.C. 3937.32(D) and (F) would be necessary where the cancellation is at the insured's request. Progressive also cogently points out that under subsection (C), the insurer could make the effective date of the cancellation later than thirty days following the date of the notice, clearly at odds with the insured's right to an earlier cancellation date. Further, the statute says that the cancellation is effective only pursuant to written notice to the insured. In cancellations initiated by the insured, the cancellation is clearly pursuant to notice to the insurer.

Additional support for our holding is found in R.C. 3937.31, which provides in part:

"(A) * * * No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with sections 3937.30 to 3937.39 of the Revised Code * * *.

" * * *

"(B) Sections 3937.30 to 3937.39 of the Revised Code do not prohibit:

"(1) Changes in coverage or policy limits, cancellation, or nonrenewal for any reason at the request or with the consent of the insured[.]"

Clearly, this language allows insured-initiated cancellations outside, and not pursuant to, R.C. 3937.32, cf. *Stith v. Milwaukee Guardian Ins.* (1988), 44 Ohio App.3d 147, 541 N.E.2d 1071.

The Turners cite *Oates v. Nationwide Ins. Co.* (June 28, 1985), Mahoning App. No. 85 C.A.5, unreported, 1985 WL 7001, as support for their argument. In *Oates,* the premiums were paid by payroll deduction. The insured, Oates, orally told a Nationwide agent on January 28, 1983, that she wanted the policy cancelled. The agent then forwarded a written request to Nationwide. In February 1983, another payroll deduction for coverage from February 15th to March 15th was made and paid to Nationwide. On March 14th, Oates's car was damaged. Nationwide sent Oates a letter on March 24th stating the

policy had been cancelled January 28th. Written notice of cancellation was given to the agent by Nationwide on March 30th.

On appeal, Oates argued that Nationwide had not complied with R.C. 3937.33, and that since the premium was paid after the alleged cancellation date Nationwide could not claim a prior cancellation. R.C. 3937.33 requires an insurer who cancels a policy to mail notice of cancellation pursuant to R.C. 3937.32 to the insured at least thirty days prior to the effective date of cancellation. In ruling that Oates's policy was in effect on March 14, the court of appeals did not discuss R.C. 3937.31, but construed R.C. 3937.32 "to require strict adherence to statutory guidelines when a notice of cancellation is given."

We find *Oates* distinguishable from the instant case on the bases that the court in Oates did not consider the impact of R.C. 3937.31 and that the insured in *Oates* made a premium payment after her request for cancellation, which covered the period during which she sustained a loss. Other courts have impliedly held that R.C. 3937.32 does not apply to cancellations initiated by insureds. *Williams v. State Farm Mut. Ins. Co.* (June 8, 1981), Tuscarawas App. No. CA 1483, unreported, 1981 WL 6308.

The first assignment of error is overruled.

The second assignment of error:

"The trial court erred to the prejudice of the appellants by failing to declare the rights and obligations of the parties to the contract of automobile liability insurance in controversy and finding that said policy of automobile liability insurance had been unilaterally cancelled by the appellants, effective May 29, 1987."

■ The Turners first argue that the trial court erred in not declaring their rights pursuant to the insurance policy, as opposed to the effect of R.C. 3937.32. The Turners say they are prejudiced by this alleged failure by the trial court in that they cannot prosecute a precisely focused appeal. We note that the Turners filed a trial brief raising several arguments based on the language of the policy and that they presented a detailed argument to the trial court at the hearing. While the trial court did not deal with the Turners' arguments based on the policy at much length in its opinion, we must conclude that it addressed and rejected them. We further find no prejudice to the Turners. See *In re Schoeppner* (1976), 46 Ohio St.2d 21, 23, 75 O.O.2d 12, 13, 345 N.E.2d 608, 609.

■ The Turners argue that the cancellation request signed by Lawrence Turner on behalf of Douglas A. Turner on June 8, 1987 was ineffective since it did not specify "when at a future date" the cancellation was to be effective in

accordance with the policy language. The Turners contend that the cancellation request, to conform to the policy language, must contemplate a cancellation effective on a date in the future. Since the request signed June 8, 1987 did not specify a future date, the Turners say the request constituted a mere offer to change the terms to the policy, which would not be effective until accepted in writing by Progressive and notice sent to them by Progressive. The Turners refer to the following policy language in support of their argument:

"Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this policy nor stop us from exerting any of our rights under this policy. This policy can only be changed by an endorsement we issue which is signed by our authorized representative."

We reject this argument. Initially, we see no functional difference between the term "at a future date" and the term "thereafter," which is used in similar policy provisions. Several cases hold that policies containing language that the insured may cancel by advising the insurer when thereafter the cancellation is to be effective are merely meant to forestall a retroactive notice of cancellation. *Nobile v. Travelers Indemm. Co.* (1958), 4 N.Y.2d 536, 540, 176 N.Y.S.2d 585, 588, 152 N.E.2d 33, 35; *State Farm Mut. Auto Ins. Co. v. Pederson* (1974), 185 Va. 941, 951, 41 S.E.2d 64, 68; *Kudrna v. Great Northern Ins. Co.* (D.Mont.1959), 175 F.Supp. 783, 789. Such a clause is for the benefit of the insurer, which may waive it. *Kudrna, supra*, at 789.

Further, where the policy contains a cancellation clause, common-law principles of offer and acceptance do not apply. *Aetna Ins. Co. v. Stambaugh–Thompson Co.* (1907), 76 Ohio St. 138, 156, 81 N.E. 173, 176; *Mouchon v. Palmer* (Fla.App.1972), 265 So.2d 429, 430; *Wilbanks v. Prudential Property* (S.C.1982), 277 S.C. 256, 258, 286 S.E.2d 127, 128. Therefore, the Turners' request for cancellation was effective despite their failure to state when at a future date the cancellation was to be effective.

The issue, however, is when the request for cancellation was effective. Progressive contends that, at the latest, the policy was cancelled June 8, 1987. We disagree. The general rule is that an agent employed to procure insurance is not thereby authorized to cancel it. Further, the insured can authorize an agent to cancel insurance. 45 Corpus Juris Secundum (1946) 111–112, Section 456. Discussion of the rule that, as a general matter, the agent authorized to solicit or sell insurance does not have authority to cancel insurance may be found in *Markel v. Travelers Ins. Co.* (C.A.10, 1975), 510 F.2d 1202, 1207, and *Truax v. State Farm Ins. Cos.* (S.Ct.1979), 101 Misc.2d 1031, 1034, 422 N.Y.S.2d 592, 594–595.

The cases cited by Progressive are distinguishable. In *Schroeder v. Horack* (Mo.1979), 592 S.W.2d 742, the insured's cancellation notice was received and processed by the insurer before the date of the accident. *Id.* at 743. In *Dawson v. Concordia Fire Ins. Co.* (1926), 192 N.C. 312, 135 S.E. 34, the insured and the agent agreed that the agent could cancel the policy, and not merely request cancellation, if the premiums were not paid within a specified time. *Id.* at 315, 135 S.E. at 35–36. In *Meyers v. State Farm Life Ins. Co.* (Mo.App.1967), 416 S.W.2d 10, the issue was the effective date of a life insurance policy. In *Hayes v. Hartford Acc. & Indemn. Co.* (1968), 274 N.C. 73, 161 S.E.2d 552, the insured gave the agent power of attorney to cancel the policy for nonpayment of premiums and the cancellation was received by the insurer before the accident. *Id.* at 75, 161 S.E.2d at 554–555. In *State Farm Mut. Auto Ins. Co. v. Pederson, supra,* the cancellation notice was received by the insurer before the accident. 185 Va. at 948, 41 S.E.2d at 66. In *Nobile v. Travelers Indemn. Co., supra,* the insured cashed a premium refund check about a month after the accident, and used the insurer's agent to effect the cancellation. 4 N.Y.2d at 540–541, 176 N.Y.S.2d at 587–588, 152 N.E.2d at 34–35.

Here, the most that can be said is that Lawrence Turner requested Progressive's agent, Paige & Byrnes Insurance Agency, to request Progressive to cancel the policy on June 8, 1987 or sooner. There is no evidence that Turner authorized Paige & Byrnes to cancel the policy. Nor is there any evidence that Progressive authorized Paige & Byrnes to cancel the policy. The evidence is contrary, since Paige & Byrnes forwarded the cancellation request to Progressive.

R.C. 3905.01(C) provides in part:

"(C) An insurance company shall be bound by the acts of the person named in the license within his apparent authority as its agent * * *."

In *Randall v. Alan L. Rankin Ins., Inc.* (1987), 38 Ohio App.3d 87, 89, 526 N.E.2d 97, 100, it is stated:

"The apparent authority of an insurance agent is 'such authority as the insurance company knowingly permits such agent to assume, * * * or such authority as a reasonably prudent man, using diligence and discretion, in view of the company's conduct, would naturally suppose the agent to possess * * *' (footnote omitted). 3 Couch on Insurance 2d (1984 Rev.Ed.) 618, 619, Section 26:62. ' * * * The power of an agent to bind the insurer is coextensive with his apparent authority. * * * [I]n the absence of any knowledge by the insured of any limitation on the agent's authority, the insurer's agent has such power as the insurer has held him out to possess * * *.' (Footnotes

omitted.) 3 Couch, *supra*, at 619–620. * * * " Accord *Meyer v. Klensch* (1961), 114 Ohio App. 4, 6, 18 O.O.2d 261, 262, 175 N.E.2d 870, 871.

We find no evidence that Progressive clothed Paige & Byrnes with any authority to cancel the policy. Therefore, the policy was in effect until June 19, 1987, when the cancellation request was processed by Progressive within one day of its receipt.

This assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and PRYATEL, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, and AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.