OPINION
Carl Schmidt appeals from his conviction of the 1995 gross sexual imposition of his five year old granddaughter after a jury trial. Schmidt was acquitted of a similar gross sexual imposition charge alleged to have occurred in March 2000.
The incident giving rise to Schmidt's conviction occurred at Christmas time in 1995 when Schmidt came to visit his daughter for the holiday. The victim, who we will refer to as L.T., told her mother, Cheri, that Schmidt had touched her "kitty cat" (her vagina) while she was in bed sleeping.
L.T., who was 10 years of age at the time of the trial, testified the defendant touched her private part which she described as "my kitty cat" while she was sleeping. She stated the part of the body the defendant touched was that part she uses to go to the bathroom. (T. 28). She did not remember how old she was when it happened. (T. 29). She testified it happened again in 2000. L.T. testified she told her mother about both incidents because she thought it was wrong. (T. 34-36).
Officer Scott Weaver of the Dayton Police Department testified he was dispatched on March 9, 2000 to Cheri's home on the report of child abuse. Weaver testified that he spoke with L.T. who told him that the defendant touched her on her body where she goes to the bathroom. (T. 51). Weaver testified there was no evidence of penetration and the child's mother did not wish to take her to the hospital for treatment.
In his first assignment of error, Schmidt argues that the trial court erred in permitting the child victim to testify without conducting an in camera interview or voir dire examination since the child was five years of age at the time of the alleged crime.
Evid. R. 601(A) provides that every person is competent to be a witness except those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
In State v. Clark (1994), 71 Ohio St.3d 466, the Ohio Supreme Court held the following at syllabus 2:
 A trial judge, in the exercise of his or her discretion, may choose to conduct a voir-dire examination of a child witness who is ten years of age or older if the judge has reason to question the child's competency. The decision not to voir dire a child witness under such circumstances will be viewed under an abuse-of-discretion standard. In such circumstances, absent a compelling reason to act otherwise, the failure to conduct a voir-dire examination of a child witness who is ten years of age or older at the time of trial will not constitute reversible error.
Prior to L.T.'s testimony, defendant's counsel requested that the trial court examine the child to determine her competency to testify in light of her age at the time of the first incident. The trial court responded as follows:
 THE COURT: I think there is a presumption the witness is qualified to testify over the age of seven. I think that the Court will monitor the testimony. I think the responses that the witness has given at this juncture indicate competence to testify, which is presumed anyway. Overrule the objection.
At the conclusion of L.T.'s testimony the trial noted that it had misspoke earlier about the presumed age of competency, but noted that L.T. is over the age of 10 and "is capable, has demonstrated capability of receiving and relating impressions of the facts." (T. 47)., Appellant argues that the trial court erred in not examining the child in camera, because the trial court was unable, in the absence of the examination, to make a judgment about the child's ability to form just impressions of the facts and whether the child understood her obligation to testify in a truthful manner. Appellant notes that L.T. could not remember at trial how old she was when the first sexual incident occurred with her grandfather.
The State argues that a review of the record would demonstrate that L.T.'s testimony was clear and consistent and that her inability to remember her age at the time of the first incident should not prevent her from being determined competent to testify.
A child victim witness, due to tender years, does not have the temporal memory of an adult and the child often has problems remembering exact dates. State v. Barnecut (1988), 44 Ohio App.3d 147 . Young children are not "governed by the clock and calendar as adults are" and allowances must be made for the inexactitude of children's memories, or else the defendant becomes virtually immune from prosecution. See State v. D.B.S. (Mont. 1985), 700 P.2d 630, 634.
It is not surprising that L.T. could not remember the date of the first incident when it allegedly occurred five years earlier than the second incident. In any event, her mother remembered that L.T. immediately reported the first incident to her and she remembered that it was Christmas of 1995. We do not find that the trial court abused its discretion in not conducting an in camera examination of L.T. before she testified against the defendant. The first assignment of error is Overruled.
In his second assignment, Schmidt argues that the trial court erred in allowing the hearsay testimony of the child's mother, Cheri, and Officer Scott Weaver over his counsel's objection.
The State notes that there was no objection to much of Cheri's testimony and counsel's objections to some portions of her testimony was not directed to its hearsay nature.
We note that Cheri testified about L.T.'s account of the 1995 incident without objection. The defendant was acquitted of the March 2000 incident and so any admission of hearsay evidence relating to that incident by Cheri or Officer Scott Weaver was harmless error. Officer Weaver did not testify about L.T.'s account of the 1995 incident.
We do not find the admission of Cheri's hearsay testimony about the 1995 incident to be "plain error." Plain error is error which causes a manifest miscarriage of justice such that, but for the error, the outcome of the criminal trial probably would have been otherwise. Besides the hearsay testimony, the child herself testified at the trial and was fully cross-examined by defense counsel. We cannot say that had Cheri not testified, Schmidt probably would have been acquitted. The second assignment of error is also Overruled.
The judgment of the trial court is Affirmed.
GRADY, J., and YOUNG, J., concur.