■ In the Matter of MICHAEL N. MEOLA, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [833 NYS2d 716]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Motor Vehicles which revoked petitioner's driver's license.

On August 2, 2004, petitioner was involved in a minor car accident in the Brooklyn-Battery Tunnel in which another car "scuffed" the bumper of petitioner's car and failed to stop. When he returned to a toll booth to report the accident to police and provide the police with the other driver's license plate number, it was discovered that his insurance card had expired on July 7, 2004 and petitioner was issued a ticket for failure to produce proof of valid insurance. Although petitioner's insurance apparently had been renewed effective July 7, 2004, it had been cancelled on July 24, 2004. At his hearing, petitioner asserted that the cancellation was due to a misunderstanding with his insurance company of which he was not aware when the ticket was issued. Specifically, petitioner explained that he had requested that his insurance company remove coverage from a different vehicle that he no longer owned, but the insurer mistakenly cancelled his insurance on both vehicles. As a result of a phone call made to his insurance company after being issued the ticket, petitioner's insurance was immediately reinstated the next day.

The Administrative Law Judge found sufficient proof that petitioner was uninsured on August 2, 2004, but gave petitioner 30 days to present a letter from his insurance company to the effect that he was, in fact, insured on August 2, 2004. Petitioner was ordered to pay a fine and his license was revoked for a period of one year (see Vehicle and Traffic Law § 318 [2]; § 319 [1]). Petitioner did not produce the letter proving insurance and his conviction for operating a vehicle without insurance was thereafter affirmed on administrative review by respondent Department of Motor Vehicles. Petitioner commenced this CPLR article 78 proceeding seeking annulment of the Department's determination. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Petitioner's conviction must be confirmed. To establish a violation of Vehicle and Traffic Law § 319 by the owner of the vehicle, it was necessary only to establish that petitioner operated his vehicle on a public highway of this state and that it was not insured at the time of operation (see Vehicle and Traffic Law § 319 [1]). Petitioner has not disputed that he was driving his vehicle on August 2, 2004 and he testified at the hearing that his insurer erroneously cancelled his insurance in July 2004 and that he had it reinstated the day following the accident. We find unavailing petitioner's assertion on appeal that the Department failed to establish a prima facie case of lack of insurance because it did not prove that his insurer sent him a notice of cancellation pursuant to Vehicle and Traffic Law § 313 (1) (a). Unlike a situation where a policy is cancelled unilaterally by the insurer, requiring the insurer to give prior notice to the insured (see Vehicle and Traffic Law § 313 [1] [a]), "the statutory notice provisions of section 313 of the Vehicle and Traffic Law have no application where cancellation is effected by the insured" (Hanover Ins. Co. v Eggelton, 88 AD2d 188, 190 [1982], affd 57 NY2d 1020 [1982]; see Vehicle and Traffic Law § 313 [2] [a]).

Contrary to petitioner's assertions, it was not necessary for the Department to prove that he, as the vehicle's owner, knew his insurance had been cancelled to support his conviction (see Vehicle and Traffic Law § 319 [1]). Petitioner's knowledge of the cancellation is, however, relevant to the revocation of his license; his license would not have been revoked had petitioner established that he "was not aware of the fact that financial security was not in effect and the failure to have such financial security in effect was caused solely by the negligence or malfeasance of a person other than" petitioner (Vehicle and Traffic Law § 318 [13] [a]). Although petitioner testified under

oath that the cancellation of his insurance was the fault of his insurer at the hearing, the Administrative Law Judge never resolved this issue. Upon our review of the record, we find that petitioner made a compelling—and unrefuted—case that the insurance had been mistakenly cancelled by his insurer. Indeed, petitioner returned to the scene of the accident at his own initiative to report the incident, clearly without knowledge that his insurance had been cancelled, and the insurer immediately reinstated his insurance. Under these circumstances, we conclude that petitioner's license should not have been revoked (*see* Vehicle and Traffic Law § 318 [13] [a]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as revoked petitioner's license, and, as so modified, confirmed.